IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ROY DESHAN TAYLOR, )<br>TDCJ #641287, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, *et al.*, )<br>    Defendants. ) | Civil No. 7:09-CV-143-O |

## MEMORANDUM OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate currently confined in the Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas. Defendants are the former Director of the Texas Department of Criminal Justice, Institutional Division, and four correctional officers and at the James V. Allred Unit in Iowa Park, Texas. In support of his complaint, Plaintiff sets forth the following allegations:

1. Defendants failed to protect him from other inmates at the Allred Unit;

2. Two false and disciplinary actions were taken against him by Allred prison officials and he was denied due process in those actions;

3. His legal materials and other personal property were unlawfully confiscated at the Allred Unit

4. Defendants retaliated against him, and;

5. Defendants discriminated against him.

Complaint p. 4; Memorandum in Support of Complaint pp. 1-2. He seeks 2.5 million dollars in monetary damages. *Complaint p. 4.*

To establish a civil rights claim against a prison official for failure-to-protect, a plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Deliberate indifference" is a subjective standard which occurs only where a prison official knows of and disregards a substantial risk to the inmate's health or safety. *Farmer*, 511 U.S. at 837. Deliberate indifference thus requires that "the [offending] official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Neals*, 59 F.3d at 533 (quoting *Farmer*, 511 U.S. at 837).

Plaintiff was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). However, he failed to allege any facts which could indicate that Defendants were deliberately indifferent to his need for protection.

Plaintiff states that he requested safekeeping status because of an inability to defend himself due to severe arthritis and "psychotic drugs" he was taking. Plaintiff's Answer to the Court's Question No. 3. Plaintiff has not indicated that he was aware of any threat or risk of harm or that Defendants were aware of any threat or risk of harm. Despite his claim that he was ultimately assaulted by his cellmate, Plaintiff's medical conditions, without more, are not facts which would indicate a substantial risk of serious harm at the hands of other inmates. Assuming

the truth of Plaintiff's factual allegations, he has not shown deliberate indifference on the part of any Defendant. Plaintiff cannot prevail on this claim.

With regard to his claim of false disciplinary actions and due process violations during the disciplinary proceedings, Plaintiff cannot prevail in this action. An inmate who is entitled to mandatory supervised release may have a constitutionally protected liberty interest in earned good time credits such that due process attaches to any proceeding in which such credits are revoked. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997). However, where a favorable determination in a civil rights action would automatically entitle a prisoner to accelerated release, he must obtain a favorable habeas judgment prior to seeking redress under § 1983. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *see also, Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that the proper avenue to seek restoration of lost good-time credits is a habeas corpus proceeding rather than a civil rights action).

Assuming, *arguendo*, that Taylor lost previously earned good time credits and that he is entitled to mandatory supervised release, he has not shown that the results of the disciplinary proceedings have been reversed, invalidated or otherwise called into question. Thus, his civil rights claims are currently barred under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim based upon allegations that would necessarily imply the invalidity of a disciplinary hearing is not cognizable in a civil rights action unless the disciplinary action has been reversed, expunged or otherwise invalidated).

Although Taylor's civil rights claims relating to the disciplinary actions are barred from review at this time, his complaint presents grounds for relief that may be cognizable in habeas corpus proceedings. The Fifth Circuit Court of Appeals has recognized that review of the merits of a *pro se* prisoner's claims is controlled by the essence of the pleading rather than the label attached. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Therefore, the Court will direct the Clerk to open two new habeas actions for consideration of Taylor's constitutional challenges to the prison disciplinary proceedings.[1]

Plaintiff complains that Defendants unlawfully took his legal materials and other personal property. Complaint p. 4; Plaintiff's Answer to the Court's Question No. 1. The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). Under the circumstances of the instant case, Plaintiff has the state common-law action of conversion available to remedy his alleged deprivation of property. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the property

---

[1] The Court notes that the outright dismissal of Taylor's habeas claims would likely result in such claims being time-barred. Taylor has submitted copies of prison grievance that indicate he has exhausted his state habeas remedies. Therefore, the appropriate course of action is for the Court to consider his prison disciplinary claims under 28 U.S.C. § 2254.

of another which is inconsistent with the rights of the owner. *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App. – Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, *no writ*). If Defendants exercised unauthorized and unlawful control over Plaintiff's property, he has a factual basis to allege a cause of action in conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements. *Groves v. Cox*, 559 F. Supp. 772, 773 (E.D. Va. 1983).

In his Answer to the Court's Question No. 1, Plaintiff states that his property was taken for the purpose of retaliation. Prison officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986). In order to show retaliation an inmate must: (1) allege the violation of a specific constitutional right, and (2) establish that the incident would not have occurred but for a retaliatory motive. *Johnson v. Rodriguez,* 110 F.3d 299, 313 (5th Cir. 1997); *Woods*, 60 F.3d at 1166. This places a significant burden on the inmate. Mere conclusory allegations are insufficient to state a claim. *Woods*, 60 F.3d at 1166; *Richardson v. McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988). The inmate must produce direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Plaintiff alleges that the retaliation arose out of the wrongful allegation that he had threatened a female officer, Kimberly Satterfield. Plaintiff's Answer to the Court's Question No. 1. Plaintiff has failed to show that the alleged retaliation arose out of his exercise of any constitutionally protected right. Therefore, he cannot prevail on this claim.

Finally, plaintiff alleges that Defendants acted for purposes of discrimination. Complaint pp. 3-4; Memorandum in Support of Complaint p. 1. To state a cognizable claim of discrimination, a plaintiff must allege that a state actor intentionally discriminated against him because he was a member of a protected class. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Plaintiff makes no such claim. His conclusory allegations of discrimination, without more, fail to state a claim under the Civil Rights Act. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983).

In the case at bar, Plaintiff has failed to articulate any facts which, if taken as true, would demonstrate that actions taken against him by Defendants were undertaken for purposes of, or as a result of, any sort of discrimination. Plaintiff's mere suspicion or belief that he has suffered some form of discrimination is insufficient to maintain this action. *See Whitley v. Hunt*, 158 F.3d 882, 888-89 (5th Cir. 1998) (affirming district court's dismissal of an inmate's complaint where the plaintiff's claim of racial discrimination lacked any factual support).

A district court may dismiss a complaint filed by an inmate proceeding *in forma pauperis* if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis under federal law.

For the foregoing reasons, it is ORDERED that Plaintiff's civil rights claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

It is further ORDERED that the Clerk of Court shall open two habeas actions for consideration of Plaintiff's habeas claims relating to prison disciplinary actions number 20090182977 and 20090182999. The Complaint, the Memorandum in Support and Exhibits, and the Motion for Leave to Proceed *In Forma Pauperis* from the instant case, along with a copy of this Order, shall be filed as the case opening documents in each of the two new habeas actions.

SO ORDERED this 14th day of June, 2011.

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**